# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60457
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 14, 2019

Lyle W. Cayce
Clerk

JOSE DAVID UMANZOR HERNANDEZ,

Petitioner

v.

WILLIAM P. BARR, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A216 075 168

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Jose David Umanzor Hernandez, a citizen of El Salvador, petitions this court for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the decision of the Immigration Judge denying his applications for withholding of removal and for relief under the Convention Against Torture (CAT). We review the BIA's legal conclusions de novo and its findings of fact, including an alien's eligibility for withholding of removal and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

CAT protection, for substantial evidence. *Milat v. Holder*, 755 F.3d 354, 359 (5th Cir. 2014); *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

According to Hernandez, the BIA erred in determining that his proffered social group consisting of imputed MS-13 gang members was not cognizable. However, he has abandoned that claim by failing to brief any argument challenging the BIA's conclusion that his claimed particular social group was foreclosed by *Matter of E-A-G,* 24 I & N. Dec. 591 (BIA 2008), holding that such a group was not cognizable. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (holding that issues not argued by an alien seeking review of a BIA decision are deemed abandoned); *see also Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Even were that not so, the BIA's determination that Hernandez's request for withholding of removal was not based on fear of persecution related to membership in a cognizable particular social group was supported by substantial evidence. *See Orellana-Monson v. Holder*, 685 F.3d 511, 519-22 (5th Cir. 2012); *see also Chen*, 470 F.3d at 1134.

Substantial record evidence likewise supports the BIA's finding that Hernandez is not eligible for CAT relief because he has not shown that the Salvadoran government would torture him or acquiesce in his being subject to torture. *See Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017); *see also Garcia v. Holder*, 756 F.3d 885, 892 (5th Cir. 2014); *Chen,* 470 F.3d at 1134. Accordingly, the petition for review is DENIED.